## CHAPMAN v. EL PASO NATURAL GAS CO. et al.

### No. 11078.

United States Court of Appeals
District of Columbia Circuit.

July 6, 1951.

Roger P. Marquis, Atty., Department of Justice, Washington, D. C., for appellant. A. Devitt Vanech, Asst. Atty. Gen., and Harold S. Harrison, Atty., Department of Justice, Washington, D. C., also entered appearances for appellant.

Howard Boyd, Washington, D. C., for appellee El Paso Natural Gas Company. Joseph J. Smith, Jr., and Paul R. Connolly, Jr., Washington, D. C., also entered appearances for appellee El Paso Natural Gas Company.

Roger J. Whiteford, Washington, D. C., for appellees Southern Union Gas Company and Cities of Flaggstaff, Williams and Winslow, Arizona. Hubert A. Schneider, Washington, D. C., also entered an appearance for appellees Southern Union Gas Company and others.

Before PRETTYMAN, PROCTOR and WASHINGTON, Circuit Judges.

PER CURIAM.

The appellant Secretary of the Interior moves for stay of a mandatory injunction issued by the District Court. Oral argument on the motion was had before this court. Upon the argument it developed that the ground for the motion was the fear of the appellant that unless a stay were granted the case would become moot and he would be deprived of his opportunity to contest in court the validity of the action of the District Court.

This court is of opinion that there is no ground for the fear of the appellant, and that substantial interests require that the stay be denied.

The appellee Company applied for and secured from the Federal Power Commission a certificate of convenience and necessity authorizing the construction of a gas pipe line from eastern New Mexico across the northern part of Arizona to the San Francisco Bay area. The proposed line was designed to cross public lands. The Company inquired of the Secretary of the Interior for a statement of the conditions upon which the Secretary would issue permits for rights-of-way across those lands. The Secretary replied in writing on August 18, 1950, that the condition for the permits would be, among other things, that the Company agree to operate the line as a common carrier. This condition was also required by the Mineral Lands Leasing Act,

30 U.S.C.A. § 181 et seq. The Company accepted that condition and proceeded with the construction of the line. It has expended some $40,000,000 in construction, and the line is within 32 miles of completion. Of these remaining miles some 16 miles will be across public lands. The equipment for the distribution and use of gas has been installed in six towns in northern Arizona, three of which towns are intervenors in this case. The Secretary from time to time issued permits for rights-of-way upon the conditions stated in his letter of August, 1950.

On March 22, 1951, the Secretary advised the Company that he would issue no further permits for rights-of-way unless the Company agreed to further conditions, one of which is that the Company agree that "When any request for the transportation of natural gas is made, the applicant agrees promptly, or within such time as may be fixed by the Secretary, * * * to increase the capacity of its pipe line sufficiently to enable the applicant to provide for the transportation of the natural gas proposed for shipment". Other proposed new conditions concern operation of the line. None of the new proposed conditions relates to the present or contemplated construction of the line.

The Company filed a civil action in the District Court for a mandatory injunction directing the Secretary to issue the necessary permits for rights-of-way without the proposed new conditions. The issue presented was whether the proposed new conditions were within the scope of the original condition, and the requirement of the statute, that the line be operated as a common carrier. The District Court issued the injunction.

If the requested permits for rights-of-way for the remaining length of the line are issued upon the condition that the line shall be operated as a common carrier, the Secretary's contention that such operation requires that if natural gas is offered for transportation beyond the capacity of the line the Company shall increase that capacity, would not be a moot question, in our view. If the Secretary issues the necessary permits under compulsion of the injunction, he will not thereby render moot the issues which he seeks to place before this court for decision. There would still be for our determination a case or controversy concerning a future event or liability. Our mandate, in case the Secretary is successful in his appeal, could still be given decisive effect. On the other hand, it appears that should a stay be granted and the permits denied the completion of the line and the service of natural gas to the areas affected will be postponed for a full season. A stay pending disposition of the appeal would necessarily involve a delay of months, which would extend well into the middle of the winter. Substantial interests, not only of the Company but of the public, including the towns mentioned and the industrial area of San Francisco, will be materially affected. The stay is, therefore, being denied.